NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 02 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAIAH NOEL WILLIAMS,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>DEBRA WILLIAMS,<br><br>　　　　　　Defendant - Appellee. | No. 13-17284<br><br>D.C. No. 4:07-cv-04464-CW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Appellant Isaiah Williams argues that the district court erred in granting summary judgment in favor of the defendant on his due process claim, and that the district court abused its discretion by admitting evidence during trial regarding his alleged membership in a prison gang and one of his tattoos. We affirm.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Williams is an inmate in state prison. He alleges a due process violation based on *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Wolff* accorded prisoners certain limited due process rights in prison disciplinary proceedings "to insure that [a] state-created right is not arbitrarily abrogated." *Id.* at 557. The Court applied the "minimum requirements of procedural due process" because "the determination of whether [prisoner misconduct] has occurred becomes critical" when a state deducts good time credits as punishment. *Id.* at 558. Unlike *Wolff*, the sole plaintiff in this case admitted commission of misconduct by starting a prison fight. This fight was the subject of the challenged disciplinary hearing. Appellant does not claim that his rights have been "arbitrarily abrogated" or explain how he was prejudiced by not attending the hearing. Thus, we decline to remand his case to the district court for a trial on his due process claim.

Appellant also argues that the trial court erred when it admitted into evidence the name of a white supremacist prison gang to which he allegedly belongs, and when it admitted into evidence testimony regarding one of his tattoos.

If a district court abuses its discretion by admitting evidence improperly, this court must determine whether or not the error was harmless. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1244 (9th Cir. 2004). An error is harmless if it is "more probable than not that the erroneous admission of the evidence did not affect

the jury's verdict." *Id.* (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1017 (9th Cir. 1995)). This court will not reverse a jury verdict absent a showing of prejudice. *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 448 (9th Cir. 1994) (citing *Larez v. City of Los Angeles*, 946 F.2d 630, 638 (9th Cir. 1991)).

The district court did not abuse its discretion in admitting testimony about the gang name and the tattoo. But even assuming that these rulings were erroneous, it is more probable than not that the same jury verdict would have obtained. Absent the challenged evidence, the jury still would have heard that Plaintiff was validated as a member of a prison gang, and that he picked a fight with a rival gang member. To the extent that the jury was swayed by reference to the name of the gang and Plaintiff's tattoo, it would likely still be swayed in the same manner by the evidence that Plaintiff belonged to an apparently violent prison gang. Thus, Plaintiff is not entitled to a new trial.

**AFFIRMED.**